**NATIONAL LABOR RELATIONS BOARD, Petitioner,**

v.

**MICHAEL'S ARTIST & ENGINEERING SUPPLIES, INC., Respondent.**

No. 71–1013.

United States Court of Appeals, Tenth Circuit.

Nov. 3, 1971.

**1354**

Stephen Naiman, Washington, D. C. (Arnold Ordman, Gen. Counsel, Dominick L. Manoli, Associate Gen. Counsel, Marcel Mallet-Prevost, Asst. Gen. Counsel, and Abigail Cooley Baskir, Atty., Washington, D. C., on the brief), for petitioner.

Robert G. Good, Denver, Colo. (Sidney H. Tellis, Denver, Colo., on the brief), for respondent.

Before PHILLIPS, MURRAH and HILL, Circuit Judges.

PER CURIAM.

 This is an enforcement proceeding by the National Labor Relations Board pursuant to Section 10(e) of the National Labor Relations Act. The issues are whether substantial evidence on the record considered as a whole supports the Board's findings: (1) that the company interfered with, restrained and coerced its employees in their attempts to obtain union representation in violation of Section 8(a) (1) of the Act; (2) that the company violated Section 8(a) (3) and (1) of the Act by discriminatorily discharging employees because of their support and advocacy of the union; and, (3) that the company violated Section 8(a) (5) and (1) of the Act by its continued refusal to bargain collectively with the union although requested to do so, and that in the circumstances of this case a bargaining order was appropriate.

Invoking the reverse of the "Small Plant Doctrine," as applied in many National Labor Relations Board cases (see, e. g., A. J. Krajewski Manufacturing Company v. N.L.R.B., 413 F.2d 673, 676 (1st Cir. 1969); N.L.R.B. v. Joseph Antell, Inc., 358 F.2d 880, 882 (1st Cir. 1966); N.L.R.B. v. Melrose Processing Company, 351 F.2d 693, 697 (8th Cir. 1965); N.L.R.B. v. Falls City Creamery Company, 207 F.2d 820, 829 (8th Cir. 1953); and Angwell Curtain Company v. N.L.R.B., 192 F.2d 899, 903 (7th Cir. 1951)), the company argues that since one of its four employees was informed that the management had no objection to any union activities, the other employees must have learned of this statement and known that the actions claimed to violate the Act were not prompted by union activities. The Board's position is that the statement to the employee was not a credible reflection of the management's actual altitude. We agree with the Board.

Our examination of the record convinces us that the order of the Board is supported by substantial evidence and it will be enforced.